1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

8 | JOSE MAURICIO HENRIQUEZ,

Case No.  5:22-cv-00869-EJD

9 | Petitioner,

**ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

10 v.

11 | MERRICK GARLAND, et al.,

Re: Dkt. No. 22

Respondents.

12

13       Jose Mauricio Henriquez is detained at the U.S. Immigration and Customs Enforcement

14 ("ICE") Processing Center located in Mesa Verde (Mesa Verde").  He filed a Verified Petition for

15 Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, claiming that his ongoing

16 twenty-one month detention violates the Due Process Clause of the Fifth Amendment to the

17 United States Constitution.  He asks the Court to order his release unless he receives a bond

18 hearing before an immigration judge ("IJ"), with the burden placed on the Government to establish

19 by clear and convincing evidence that he presents a danger to the community or a flight risk.

20 Respondents-Attorney General Merrick Garland, the Secretary of the Department of Homeland

21 Security Alejandro Mayorkas, the Acting Director for ICE Tae Johnson, and Acting Director for

22 the San Francisco ICE Field Office Polly Kaiser (collectively "Respondents")-move to dismiss, or

23 in the alternative to transfer, for lack of jurisdiction, as well as oppose the Petition on the merits.

24 Dkt. No. 22.  Respondents assert that (1) jurisdiction is proper only in the Eastern District of

25 California, where the Petitioner is in custody, and (2) Petitioner is subject to mandatory detention

26 pursuant to 8 U.S.C. § 1226(c).  *Id*.  Petitioner filed a Traverse and Opposition to the Motion to

27

28

1 | Dismiss, Dkt. No. 24, and the Government filed a Reply, Dkt. No. 25. The motion was heard on
2 | May 19, 2022. For the reasons discussed below, the Court finds jurisdiction is proper and grants
3 | the Petition.

4 | **I.    BACKGROUND**

5 | Petitioner, age 54, is a native and citizen of El Salvador. Verified Pet. for Writ of Habeas
6 | Corpus ¶ 1, Dkt. No. 1. In 1989, Petitioner fled the violence in El Salvador and moved to the
7 | United States. Pet'r Decl. ¶ 12, Dk. No. 1-3. In 2002, he became a permanent resident. *Id.* Prior
8 | to his arrests, Petitioner lived in Los Angeles, in the Central District of California, and held steady
9 | employment. *Id.* ¶¶13-17. Petition is married and has two biological sons and one stepson. *Id.* ¶
10 | 18.

11 | In November 2013, Petitioner was arrested and charged in the California Superior Court
12 | for Los Angeles County for violations of California Penal Code § 286(c)(2), Sodomy by Use of
13 | Force; § 261(a)(2), Forcible Rape; two counts of § 288(b)(1), Forcible Lewd Act Upon Child; and
14 | § 288.2(a)(1), Harmful Matter Sent with Intent of Seduction of Minor. Decl. of Deportation
15 | Officer Ramiro Sanchez ("Sanchez Decl.") ¶ 5, Dkt. Nos. 22-1, 31; Felony Complaint, Dkt. No.
16 | 22-1 at 18–25. ██████████████████████████████
17 | ███████████████████████████████████████
18 | ███████████████████████████████████████
19 | ███████████████████████████████████
20 | ███████████████████████████████████

21 | In October 2014, Petitioner pleaded nolo contendere and was convicted of two counts of
22 | violation of California Penal Code § 288(a), Lewd Acts on a Child Under 14 Years of Age.
23 | Sanchez Decl. ¶ 7. Petitioner was sentenced to the upper term of eight years for each count, to be
24 | served concurrently. *Id.*

25 | Upon his release from state prison on June 24, 2020, Petitioner was arrested by ICE in
26 | Bakersfield, in the Eastern District of California, and charged as removable pursuant to 8 U.S.C. §

United States District Court
Northern District of California

1   1227(a)(2)(A)(iii) as a noncitizen who had been convicted of "aggravated felonies." *Id. ¶* 8.[1]

2   Pursuant to 8 U.S.C. § 1226(c)(1)(B), Petitioner is subject to detention.

3         On August 20, 2020, Petitioner was scheduled for an initial master calendar hearing before

4   an IJ in the Central District.  Decl. of Nikisha Scott ("Scott Decl.") ¶ 4, Dkt. No. 22-2.  That

5   hearing was administratively rescheduled to September 3, 2020, due to court closure.  *Id.*

6   Thereafter, the hearing was rescheduled twice because Petitioner asked for additional time to seek

7   representation.  *Id.* ¶ 5.  On September 24, 2020, Petitioner appeared for a master calendar

8   hearing.  *Id.* ¶ 7.  Based on Petitioner's admissions and concessions, the IJ sustained the charge of

9   removability.  *Id.*  The hearing was adjourned to October 8, 2020, to allow Petitioner time to

10  prepare and file applications for relief.  *Id.*

11        On October 8, 2020, Petitioner appeared for a master calendar hearing.  *Id.* ¶ 8.  That

12  hearing was postponed several times while Petitioner awaited the processing of a Form I-130,

13  Petition for Alien Relative, that Petitioner's son had filed on his behalf.  *Id.* ¶¶ 9 -10.  When the

14  Government learned that the Form I-130 had been filed, it requested expedited adjudication of the

15  Form.  *See* Sanchez Decl., Ex. 5, Dkt. No. 22-1 at 53.  Petitioner's Form I-130 was processed by

16  December 2, 2020.  *Id.*, Ex. 6, Dkt. No. 22-1 at 56.

17        On January 6, 2021, Petitioner appeared for a master calendar hearing.  Scott Decl. ¶ 11.

18  That hearing was also continued several times to allow Petitioner to arrange for and complete a

19  medical examination, and to prepare and file a (1) Form I-485, Application to Register Permanent

20  Residence or Adjust Status, (2) a Form I-864, Affidavit of Support Under Section 213A of the

21  Immigration and Nationality Act, and (3) a Form I-601, Application for Waiver of Grounds of

22  Inadmissibility.  *Id.* ¶¶ 11 -13.

23        On April 13, 2021, Petitioner appeared with his new counsel for a master calendar hearing.

24  *Id.* ¶ 14.  Counsel requested and was granted sixty days to prepare for the case.  *Id.*  On June 16,

25

26  _____

27  [1] The term "aggravated felony" includes murder, rape or sexual abuse of a minor.  8 U.S.C. §
    1101(a)(43)(A).

Case No.:  5:22-cv-00869-EJD

28  ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF
    HABEAS CORPUS

3

United States District Court
Northern District of California

1    Petitioner appeared with his counsel for a master calendar hearing. *Id*. ¶ 15. Petitioner's counsel

2    requested an additional two months' continuance. Sanchez Decl., Ex. 8,  Dkt. No. 22-1 at 65–67.

3    Among other things, Petitioner's counsel wanted additional time, until August of 2021, to further

4    revise witness declarations that they planned to submit, to have a proposed expert draft a report,

5    and because the junior member of the counsel team needed to take off the month of July to study

6    for the bar exam. *Id*.  The Government opposed a further continuance. Dkt. No. 22-1 at 67.  Over

7    the Government's objection, the IJ scheduled a merits hearing for August 30, 2021. *Id*. at 72.

8         On August 30, 2021, Petitioner appeared with his counsel for an individual merits hearing,

9    which lasted over two hours. Scott Decl. ¶ 16.  The hearing resumed on September 16, 2021, for

10   approximately two hours of additional testimonial evidence, and concluded on September 20,

11   2021, after another hour and forty-five minutes of presentation. *Id*.

12        On November 9, 2021, the IJ issued a written decision denying all forms of relief and

13   ordered Petitioner removed to El Salvador. *Id*. ¶ 19; Sanchez Decl., Ex. 9, Dkt. No. 22-1 at 76–94.

14   The IJ found that Petitioner was ineligible for a waiver of inadmissibility because his conviction

15   for two counts of violating Penal Code § 288(a) constituted crimes involving moral turpitude.

16   Dkt. No. 22-1 at 86.  The IJ found that Petitioner did not warrant a discretionary waiver of

17   inadmissibility because (1) Petitioner did not clearly demonstrate that denial of a waiver would

18   result in exceptional and extremely unusual hardship (*id*. at 89), and (2) even if he had, the adverse

19   factors outweighed the positive equities in this case (*id*. at 90-91).  The IJ also denied Petitioner's

20   other application for relief and ordered removal. *Id*. at 94.

21        On December 14, 2021, Petitioner appealed to the Board of Immigration Appeals ("BIA").

22   *Id*. ¶ 20.  On January 25, 2022, the BIA issued a briefing schedule requiring the parties to file their

23   briefs by February 15, 2022. *Id*. ¶ 21.  The Government timely filed its brief on February 14,

24   2022.  Scott Decl. ¶ 22.  Petitioner requested and was granted an extension to file his brief to

25   March 8, 2022. *Id.* ¶ 23.  On April 29, 2022, the BIA remanded the proceedings. Dkt. No. 36 at

26   7.  On May 20, 2022, the IJ ordered Petitioner removed. *Id*. at 12.

27
28   Case No.: 5:22-cv-00869-EJD
     ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF
     HABEAS CORPUS

## II.    DISCUSSION

Respondents' motion raises two issues: whether this Court has jurisdiction, and if so, whether Petitioner's detention pursuant to 8 U.S.C. § 1226(c) is unconstitutional.

### A.    Jurisdiction

ICE is currently detaining Petitioner at Mesa Verde, which is a private facility that falls within the area of responsibility of the San Francisco Field Office.  Decl. of Acting Asst. Field Office Director Nancy Gonzalez ("Gonzalez Decl.") ¶¶ 1,4, Dkt. No. 22-3.  ICE uses Mesa Verde as a detention facility via a contract with GEO Group, Inc ("GEO").  *Id*. ¶ 4.  GEO provides the facility with management, personnel, and services for 24-hour supervision of noncitizens in ICE custody at Mesa Verde.  *Id*.  "The Facility Administrator (i.e., warden) of Mesa Verde is a GEO employee, whose office is based in Bakersfield and provides direct on-site supervision of the facility and its personnel."  *Id*.  The Government also mandates oversight through various inspection processes by ICE and other entities.  *Id*.

Citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446–47 (2004), and *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020), Respondents contend that jurisdiction lies only in the Eastern District of California, where the Petitioner is housed.  In *Padilla*, a United States citizen detained in military custody sought habeas relief.  542 U.S. at 430.  The Supreme Court applied the "immediate custodian rule," which is that the proper respondent to a habeas petition challenging present physical confinement "is the warden of the facility where [a] prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id*. at 435–39.  In *Lopez-Marroquin*, the Ninth Circuit transferred a habeas petition challenging immigration detention to the district of confinement, the United States District Court for the Southern District of California.  955 F.3d 759.  The paragraph-long order cited to *Padilla*, but did not offer any facts about the petition.  *Id*.

"Courts in this district repeatedly have held, both before and since *Lopez-Marroquin*, that *Padilla* does not extend to cases such as this one where the immediate custodian lacks any actual authority over the immigrant detainee."  *Domingo v. Barr*, No. 20-cv-06089-YGR, 2020 WL

Case No.: 5:22-cv-00869-EJD
ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF HABEAS CORPUS

5

5798238, at *2 (N.D. Cal. Sept. 29, 2020) (collecting cases); accord *Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *2 (N.D. Cal. June 11, 2021) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435-439 (2004)).  Citing *Doe v. Barr*, No. 20-cv-02263-RMI, 2020 WL 1984266, at *5 (N.D. Cal. Apr. 27, 2020), the *Domingo* court succinctly explained that there were at least three reasons why an immigrant detainee's legal custodians were properly named as custodians, and thus, why the United States District Court for Northern District of California had jurisdiction over a habeas case even though the petitioner was detained out-of-District at Yuba County Jail.

> First, the Yuba County Jail's involvement merely was to provide a service to ICE, which remained in complete control of the petitioner's admission into and release from Yuba County Jail. *Id.* Second, the Sheriff of Yuba County would not be in possession of information necessary to respond to the petition on behalf of federal immigration authorities, nor would he have any legitimate interest in litigating the claims. *Id.* Third, by detaining immigrants in remote jail facilities belonging to various counties, then urging the application of the immediate custodian rule, it appeared the respondents may have been attempting to take advantage of the rule to frustrate the petitioner's access to habeas corpus litigation. *Id.* The *Doe* court also reasoned that because Jennings, the San Francisco Field Office Director for ICE, who also is named in this action, was "both within this district and vested with discretionary authority to release Petitioner, he [was] a proper respondent." *Id.*

*Domingo*, 2020 WL 5798238, at *2. This Court concurs with *Domingo* and *Perera*, as well as other courts in and beyond this district.  S*ee, e.g.*, *Ameen v. Jennings*, No. 22-cv-140-WHO, 2022 WL 1157900, at *3-5 (N.D. Cal. April 19, 2022); *Meneses v. Jennings,* No. 21-cv-07193-JD, 2021 WL 4804293, at *1-2 (N.D. Cal. Oct. 14, 2021); *Romero v. Wolf*, No. 21-cv-8031-TSH, 2021 WL 254435 (N.D. Cal. Jan. 26, 2021); *Montoya Echeverria v. Barr*, No. 20-cv-02917-JSC, 2020 WL 2759731, at *3-4 (N.D. Cal. May 27, 2020); *Ortuño v. Jennings*, No. 20-cv-02064-MMC, 2020 WL 2218965 (N.D. Cal. May 7, 2020); *Zepeda Rivas v. Jennings*, No. 20-cv-02731-VC, 2020 WL 2059848, at *2 (N.D. Cal. April 29, 2020); *Rodriguez Sanchez v. Decker*, No. 18-cv-8798 (AJN), 2019 WL 3840977, at *2 (S.D.N.Y. Aug. 15, 2019); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1187 (N.D. Cal. 2017).  In the past, this Court transferred two immigration cases to the district of confinement.  *See Matias Sola v. Lynch*, No. 5:16-cv-02464-EJD, 2016 WL 11731298, at *1 (N.D.

Case No.: 5:22-cv-00869-EJD
ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF HABEAS CORPUS

United States District Court
Northern District of California

Cal. May 16, 2016); *Maling v. Johnson*, No. 16-03161 EJD (PR), 2016 WL 11731495 (N.D. Cal. July 29, 2016).  In each case, however, the parties did not raise the jurisdictional issue now before the Court.  Further, the Court finds the more recently issued decisions cited above are more persuasive.  Mesa Verde is a private detention facility, and therefore lacks any actual authority over immigrant detainees.  Accordingly, this Court concludes that jurisdiction is proper in the Northern District of California.

### B.    Due Process Claim

The Due Process Clause of the Fifth Amendment to the United States Constitution forbids the Government from depriving a person of life, liberty, or property without due process of law. U.S. Const. Amend. V.  The protection applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  This includes claims by non-citizens challenging the constitutionality of their detention without bail.  *Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Detention violates due process absent "adequate procedural protections" or "special justification[s]" sufficient to outweigh one's "'constitutionally protected interest in avoiding physical restraint.'" *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

Here, Petitioner is being detained under 8 U.S.C. § 1226(c) because of his conviction for two counts of violating California Penal Code § 288(a), which are considered crimes of moral turpitude.  Section 1226(c) mandates that the Government "shall take into custody any alien who is deportable" based on a conviction of an aggravated felony.  *See* Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").  "[Section] 1226(c) makes clear that detention of [non-citizens] within its scope must continue pending a decision on whether the

1    [non-citizen] is to be removed from the United States." *Jennings v. Rodriguez*, -- U.S. --, 138 S.

2    Ct. 830, 846 (2018) (internal quotation marks omitted).

3          Although the Attorney General "may constitutionally detain deportable aliens pursuant to §

4    1226(c),[2] "[c]ourts routinely review as-applied challenges to § 1226(c) detention." *Perera*, 2021

5    WL 2400981, at *3.  A person detained under § 1226(c) "could be entitled to an individualized

6    determination as to his risk of flight and dangerousness if the continued detention became

7    unreasonable or unjustified"—such as if there were "an unreasonable delay by the [Government]

8    in pursuing and completing deportation proceedings." *Demore*, 538 U.S. at 532 (Kennedy, J.,

9    concurring) (citations omitted).

10         Petitioner's detention raises due process concerns.  Petitioner was taken into ICE custody

11   on June 24, 2020, and has been in custody for nearly two years.  The Government contends that

12   the length of Petitioner's detention has been driven by his multiple requests for additional time to

13   seek and develop affirmative relief in the face of his removability.  But the fact that Petitioner

14   chose to pursue the Form I-130 and requested continuances to further that application does not

15   deprive him of a constitutional right to due process.  *See Rivas Avalos v. Sessions*, No. 18-cv-

16   2342-HSG, 2018 WL 11402701, at *2 (N.D. Cal. May 25, 2018) (citing *Manley v. Delmonte*, No.

17   17-cv-953, 2018 WL 2155890, at *2 (W.D.N.Y. May 10, 2018) (noting that "petitioner should

18   [not] be punished or blamed for seeking additional review of administrative and judicial

19   decisions.")).

20         Moreover, even if the time Petitioner requested is excluded, the proceedings have been

21   significantly prolonged for reasons beyond his control.  Court closures caused a delay in the

22   proceedings from June 24, 2020 to September 3, 2020 (71 days).  On September 24, 2020,

23   Petitioner appeared for a master calendar hearing, and the IJ sustained the charge of removability.

24   The IJ held an individual merits hearing over the course of three days, beginning August 30, 2021,

25   and ending September 20, 2021 (21 days).  Fifty days later, on November 9, 2021, the IJ issued a

26

27   _____
     [2] *Demore*, 538 U.S. at 526.

28   ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF
     HABEAS CORPUS
                                              8

1    written decision denying all forms of relief and ordered Petitioner removed to El Salvador.

2    Petitioner's appeal has taken more time—from December 14, 2021 to April 29, 2022.  After

3    remand, on May 20, 2022, the IJ ordered Petitioner removed.  The BIA appeal is a perfectly

4    legitimate proceeding Petitioner is legally entitled to pursue.  *See Masood v. Barr*, No. 19-cv-

5    7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022) (observing that it "ill suits" the United

6    States to suggest that detainee could shorten his detention by giving up his right to a BIA appeal

7    and remand motion and abandoning his asylum application).  As of June 1, 2022, the length of

8    detention unrelated to Petitioner's requests for postponements totals 325 days, which far exceeds

9    the 47-day average and 30-day median for § 1226(c) detentions, and 4-month average for cases

10   involving a BIA appeal, that were noted in *Demore*.  538 U.S. at 530.[3]  Petitioner's counsel

11   expects his confinement to continue for months, if not years, longer.  See Valenzuela Decl., Dkt.

12   No. 1-2, ¶¶ 22-23.

13           Under *Mathews v. Eldridge*, "the specific dictates of due process generally requires

14   consideration of three distinct factors: First, the private interest that will be affected by the official

15   action; second, the risk of an erroneous deprivation of such interest through the procedures used,

16   and the probable value, if any, of additional or substitute procedural safeguards; and finally, the

17   Government's interest, including the function involved and the fiscal and administrative burdens

18   that the additional or substitute procedural requirements would entail."  424 U.S. 319, 335 (1976).

19   Ultimately, *Mathews* is a balancing test and "[d]ue process . . . calls for such procedural

20   protections as the situation demands."  *Id.*  at 334.

21           Here, the first *Mathew* factor weighs in favor of Petitioner.  Although detention during

22   removal proceedings is constitutionally permissible, Petitioner has a liberty interest to be free from

23

24   _____

     [3] The 325-day detention also exceeds what Petitioner refers to as the six month "bright-line rule"
25   that some courts have applied to determine whether a detention has become prolonged.  Pet.
     (citing *Rodriguez v. Nielsen,* No. 18-cv-04187-TSH, 2019 WL 7491555, at *6 (N.D. Cal. Jan. 7,
26   2019) ("[D]etention becomes prolonged after six months and entitles [a detainee] to a bond
     hearing.")).
27
     Case No.: 5:22-cv-00869-EJD
28   ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF
     HABEAS CORPUS
                                                        9

United States District Court
Northern District of California

arbitrary or unreasonable imprisonment.  *Zadvydas*, 533 U.S. at 690.  The second *Mathews* factor also weighs in favor of Petitioner inasmuch as the Government concedes that a bond hearing "might provide additional procedural safeguards."  Mot. at 35.  Lastly, the third *Mathews* factor also weighs in favor of Petitioner.  Although the Government has a strong interest in enforcing the immigration laws and in ensuring that lawfully issued removal orders are promptly executed,[4] the Government's interest in detaining Petitioner without providing an individualized bond hearing is low.  *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.").  Furthermore, the cost of providing a bond hearing is relatively minimal.  *See Singh v. Barr*, No. 18-cv-2471-GPC, 2019 WL 4168901, at *12 (S.D. Call. Aug. 30, 2019) (noting in the context of a § 1226(a) detention that "[t]he government has not offered any indication that a [ ] bond hearing would have outside effects on its coffers."); *see also Marroquin Ambriz* v. Barr, 420 F. Supp. 3d 953, 964 (N.D. Cal. Oct. 28, 2019) (noting in context of a § 1226(a) detention, the parties did not contest "that the cost of conducting a bond hearing, to determine whether the continued detention of Petitioner is justified, is minimal.").

Applying the *Mathews* factors, the Court finds that Petitioner's detention is unreasonable and unjustified under the particular circumstances of this case.

### C.    Burden of Proof at Bond Hearing

Petitioner contends that at the bond hearing, the Government must justify his continued detention with clear and convincing evidence that he is a danger or flight risk.  The Court agrees. *See Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011) ("even where prolonged detention is

---

[4] *Demore*, 538 U.S. at 519 (noting evidence before Congress that "[d]etention is key to effective deportation"); *Jennings*, 138 S. Ct. at 836 ("Detention during [certain immigration] proceedings gives immigration officials time to determine an alien's status without running the risk of the alien's either absconding or engaging in criminal activity before a final decision can be made."); *Fraihat v. ICE*, 16 F.4th 613, 647 (9th Cir. 2021) ("The government has an understandable interest in detaining such persons to ensure attendance at immigration proceedings, improve public safety, and promote compliance with the immigration laws.").

Case No.: 5:22-cv-00869-EJD
ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF HABEAS CORPUS

United States District Court
Northern District of California

permissible," due process requires the Government to prove by clear and convincing evidence that the individual is a flight risk or a danger to the community to justify denial of a bond).  Although the Ninth Circuit decided *Singh* in the context of a *Casas* bond hearing, the Court concludes, consistent with other courts in this district, that the reasoning applies here.  Given the liberty interest at stake, due process requires adequate procedural safeguards to ensure that the Government's asserted justification for detention outweighs the detainee's interest in avoiding physical restrain.  *Singh*, 638 F.3d at 1203.  "Because it is improper to ask the individual to 'share equally with society the risk of error when the possible injury to the individual'—deprivation of liberty—is so significant, a clear and convincing evidence standard of proof provides the appropriate level of procedural protection."  *Id*. at 1203-04.  *See also Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1146-47 (N.D. Cal. 2018), appeal dismissed, No. 18-15976, 2018 WL 4173027 (9th Cir. July 25, 2018) ("declin[ing]to find that J*ennings* reversed the clear and convincing evidence standard announced in *Singh* or later Ninth Circuit cases relying on *Singh*'s reasoning").

## III.    CONCLUSION

For the reasons stated above, Respondents' motion to transfer is DENIED, and the Petition for a Writ of Habeas Corpus is GRANTED.  Within 45 days of the date of this order, Petitioner must be provided an individualized bond hearing.  At that hearing, the Government bears the burden of showing by clear and convincing evidence that Petitioner's continued detention is justified.

**IT IS SO ORDERED.**

Dated: June 7, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-00869-EJD
ORDER DENYING MOTION TO TRANSFER; GRANTING PETITION FOR WRIT OF HABEAS CORPUS

United States District Court
Northern District of California